## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TROY LAMAR JAYNES, | ) | 3:21-CV-660 (SVN) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESUS G., WARDEN; QUIROS, | ) | |
| COMMISSIONER, | ) | June 8, 2022 |
| *Respondents*. | ) | |

### RULING AND ORDER ON RESPONDENTS' MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

Petitioner Troy Lamar Jaynes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his Connecticut state court convictions for murder and possession of a firearm without a permit, for which he is currently serving a fifty-year sentence.  In response to the Court's Order to Show Cause, Respondents—the Warden of Osborn Correctional Facility where Petitioner was housed when he filed the petition, as well as the Commissioner of Correction—have filed a motion to dismiss.  They contend that the habeas petition is untimely. For the reasons described below, the Court agrees with Respondents.  The motion to dismiss is GRANTED, and the habeas petition is thus DISMISSED.

### I.       FACTUAL BACKGROUND

The Connecticut Appellate Court set forth the facts a reasonable jury could have found during Petitioner's trial.  *State v. Jaynes*, 35 Conn. App. 541, 544 (1994), *cert. denied*, 231 Conn. 928 (1994).  Specifically, in New Haven on March 29, 1990, police investigated a report of gunshots and found the victim dead, having been shot five times at close range.  Following further investigation, the police located two eyewitnesses, drug runners who worked for Petitioner.  They observed Petitioner shoot the victim at close range.  In 1992, a jury found Petitioner guilty, and he

was convicted of murder in violation of General Statutes § 53a-54a and possession of a firearm without a permit in violation of General Statutes § 29-35. *Id.* at 543. He was sentenced to fifty years of incarceration. *State v. Jaynes*, No. CR6-324418, 1993 WL 127042, at *1 (Conn. Super. Ct. Mar. 23, 1993).

Petitioner directly appealed his conviction. The Connecticut Appellate Court affirmed, 35 Conn. App. at 543, and the Connecticut Supreme Court denied certification on October 4, 1994. 231 Conn. at 928. While those appeals were pending, he filed an application for sentence review, and the Sentence Review Division of the Connecticut trial court affirmed the sentence. *Jaynes*, 1993 WL 127042, at *1.

Since entering into state custody, Petitioner has filed a string of state habeas petitions challenging his conviction, each of which has been either withdrawn or denied. *See* ECF No. 38 at 2–4 (describing history of habeas filings and listing docket numbers of state habeas petitions filed and subsequently withdrawn). Particularly relevant here, he filed a state habeas petition on August 25, 1992, before his conviction became a final judgment, which bore the docket number CV-92-0001517-S and was withdrawn on May 28, 1996. ECF No. 38-9. He filed another state habeas petition on August 14, 1997, which bore the docket number CV-97-00002512-S; this was eventually consolidated with another state habeas petition filed on November 12, 1997, which bore the docket number CV-97-0002580-S. ECF No. 38-3 at 2. Both were dismissed. *Jaynes v. Warden*, No. CV970002580, 2003 WL 356707, at *1 (Conn. Super. Ct. Jan. 21, 2003) (dismissing two consolidated state habeas petitions filed in the Judicial District of Tolland). While those 1997 habeas cases were pending in the Judicial District of Tolland, Petitioner filed another habeas action in the Judicial District of Danbury, which was adjudicated before the Tolland matters. The Appellate Court dismissed Petitioner's appeal in the Danbury habeas matter. *Jaynes v. Comm'r*

2

*of Corr.*, 70 Conn. App. 904 (dismissing appeal from habeas court denying relief), *cert. denied*, 261 Conn. 912 (2002).  At present, he has two consolidated state habeas petitions pending, one filed in 2017, and the other filed in 2020.  ECF No. 38 at 4–5.

Petitioner filed the present federal habeas petition pursuant to 28 U.S.C. § 2254 in May of 2021, claiming ineffective assistance of counsel.[1]  ECF No. 1 at 9.  In September of 2021, in response to the Court's Order to Show Cause, Respondents filed a motion to dismiss, contending that the petition is untimely.  After two extensions of the deadline by which to respond to the motion, Petitioner has not filed any response to Respondents' motion to dismiss.  Accordingly, the Court considers the merits of Respondents' motion unopposed.

## II.    LEGAL STANDARD

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."  *Harrington v. Richter*, 562 U.S. 86, 97 (2011).  Section 2254 permits a federal court to entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

Prior to the enactment of AEDPA on April 24, 1996, "there was no formal limit on the time for filing" a habeas petition in federal court.  *Ross v. Artuz*, 150 F.3d 97, 99 (2d Cir. 1998).  AEDPA "wrought a significant change" by subjecting a habeas petition challenging a state court conviction to a one-year limitations period.  *Id.*; 28 U.S.C. § 2244(d)(1).  Relevant here, the one-year

---

[1] Taking a generous view of the Petition, it may present a request for appointment of counsel in Petitioner's pending state court habeas proceeding.  ECF No. 1 at 9 ("I am in state court CV17-400-8772 currently who would not give me a counselor. . . .").  The appointment of counsel for a proceeding in state court, however, is beyond this Court's purview.  As explained when the Court denied Petitioner's motion for appointment of counsel in this federal habeas action (ECF No. 56), and for the reasons described herein, Petitioner is not entitled to counsel in this action because the Petition fails on timeliness grounds.

limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).[2] This limitations period "serves the well-recognized interest in the finality of state court judgments" by "restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).

Consistent with nearly every other circuit court of appeals, the Second Circuit has held that criminal convictions that became final prior to AEDPA's effective date were subject to a one-year grace period. *Ross*, 150 F.3d at 100, 103. *See also Duncan*, 533 U.S. at 183 n.1 (Stevens, J., concurring) (collecting cases and noting that the circuit courts have "uniformly created a 1-year grace period, running from the date of AEDPA's enactment, for prisoners whose state convictions became final prior to AEDPA."). Thus, a pre-AEDPA § 2254 petition would be timely if filed on or before April 24, 1997. *Ross*, 150 F.3d at 103.

However, the one-year limitation period applicable to post-AEDPA convictions and the one-year grace period applicable to pre-AEDPA convictions may be tolled for the duration of post-conviction proceedings and other collateral review in state court. Specifically, § 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Second Circuit, again consistent with the majority of other circuit courts, has held that AEDPA's tolling provision applies to a petition

---

[2] In full, AEDPA provides that the one-year period runs from the latest of: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). However, there is no claim here that any of the situations in (B)–(D) are applicable.

challenging a pre-AEDPA conviction.  *Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 199), *aff'd*, 531 U.S. 4 (2000).  "By not counting the time during which a petition is pending in state court, the tolling provision preserves the long-standing federal policy of requiring habeas appellants to exhaust state court remedies prior to initiating suit in federal court."  *Id.* (citations and internal quotation marks omitted).

### III.  DISCUSSION

The Court concludes that the present Petition is time-barred.  Following direct review by the Connecticut Appellate Court and denial of certification by the Connecticut Supreme Court on October 4, 1994, Petitioner did not directly appeal to the U.S. Supreme Court within the ninety-day period prescribed by the Rules of the Supreme Court.  U.S. Sup. Ct. R. 13(1).[3]  Thus, his conviction became final on January 2, 1995.  Because this date predated the passage of AEDPA, Petitioner had until April 24, 1997, to file a timely federal habeas petition.  *See Ross*, 150 F.3d at 103.  The present petition, filed in May of 2021, well exceeds that deadline.

The Court further holds that the untimely petition is not saved by application of the tolling rules.  *See Bennett*, 199 F.3d at 119; 28 U.S.C. § 2244(d)(2).  As noted above, the record reveals that Petitioner filed a state habeas petition on August 25, 1992.  ECF No. 38-9.  However, this state habeas petition does not remedy the untimeliness of the present habeas petition.  As an initial matter, the 1992 state habeas petition was filed before the Connecticut Appellate Court affirmed the conviction on direct review in 1994, and before the Connecticut Supreme Court denied certification later that year.  Thus, the 1992 state habeas petition was filed before Petitioner's conviction became final.  The Sentence Review Division noted that Petitioner had four convictions

---

[3] The Rules of the Supreme Court in effect in 1994 and early 1995 likewise provided a ninety-day period during which Petitioner could have directly appealed to the Court.  U.S. Sup. Ct. R. 13(1) (1989), available at *Historical Rules of the Supreme Court*, Supreme Court of the United States, https://www.supremecourt.gov/ctrules/scannedrules.aspx.

prior to the convictions he is challenging here, one each for possession of marijuana and possession of narcotics, and two convictions for breach of peace. *Jaynes*, 1993 WL 127042 at *1. Because the 1992 habeas petition was withdrawn on May 28, 1996, Respondents represent that no records remain to identify the conviction challenged by the 1992 habeas petition. Thus, the record is not clear that Petitioner's 1992 state habeas petition pertains to "the pertinent judgment" as required to toll the limitations period, *see* 28 U.S.C. § 2244(d)(2), and Petitioner has not responded to Respondents' motion to dispute the issue. Although it seems likely that the 1992 habeas petition would have challenged Petitioner's murder conviction, as it is the most serious of Petitioner's prior convictions by a wide margin, the Court lacks sufficient information to definitively determine the subject matter of the 1992 habeas action.

More importantly, even if the 1992 state habeas petition tolled the grace period applicable to Petitioner's conviction, the present federal habeas petition would nevertheless be time-barred. The record reveals that the 1992 state habeas petition was withdrawn on May 28, 1996. ECF No. 38-9. Assuming that the pendency of the 1992 state habeas petition tolled the grace period at all, it could toll the period only for approximately 34 days—from April 24, 1996 (the date of passage of AEDPA) and May 28, 1996 (the date the petition was withdrawn). The filing deadline for Petitioner would thus have been May 29, 1997, representing one year from the day that the grace period began to run. The record does not reveal any state habeas petition that was filed by May 29, 1997, that could have tolled the grace period further. Petitioner filed two state habeas petitions later in 1997—docket number CV-97-00002512-S, filed on August 14, 1997; and docket number CV-97-0002580-S, filed on November 12, 1997. *See Jaynes*, 2003 WL 356707, at *1 (dismissing the two 1997 state habeas petitions, noting that an earlier one had been withdrawn, and explaining that another state trial court had already resolved the habeas petition filed in 1998). However,

those could not have tolled the one-year grace period because the period had already expired by the dates they were filed.

Therefore, because the one-year grace period had long expired by the time Petitioner filed the present federal habeas petition, the petition is time-barred.

## IV.    CONCLUSION

For the reasons described herein, Respondents' Motion to Dismiss, ECF No. 37, is GRANTED.  The Clerk is directed to close this case.

The Court concludes that an appeal of this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.  *See* 22 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1).

**SO ORDERED** at Hartford, Connecticut, this 8th day of June, 2022.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE